Nov. Term,
1861.

LEE
v.
SPEARS.

as a security, to the extent of the sum so paid." In the case here, the defendant, *Ward*, did not, either in his answer, or in any other manner, insist upon an indemnity. He asked for no relief, and in no manner raised the question, whether he was entitled to be reimbursed for the amount paid before notice. The remark of *Gibson*, J., in *Youst* v. *Martin*, 3 S. & R. 423, 433, in reviewing former English decisions upon this question, is applicable here. He says, "in none of the cases on the subject, did the defendant insist on indemnity, but, on the contrary, claimed the land itself, insisting that part payment gave him an indefeasible title."

The purchase money due from *Ward* to *Donald*, not being all paid, and that fact being sufficient to prevent him from holding the land, as against the plaintiff, and no question having been raised as to *Ward's* right to be indemnified for the amount he had paid, the judgment must be affirmed.

The question whether a purchaser is entitled, in any case, to hold the land as an indemnity for what he has paid before notice, and if so, under what circumstances, it is unnecessary that we should decide.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. G. Jones, J. E. Blythe* and *Alex. C. Donald*, for the appellants.

*Conrad Baker*, for the appellee.

---

LEE v. SPEARS and Others.

Friday,
November 29

APPEAL from the *Jasper* Circuit Court.

*Per Curiam.*—Judgment by default. No effort was made, in the Court below, to be relieved from the same, or any supposed errors.

The judgment is affirmed, with 3 per cent. damages and costs.

*J. E. McDonald* and *A. L. Roache*, for the appellant.

*F. M. Finch* and *H. Crawford*, for the appellee.